UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>KUO LIN, in his individual and representative capacity as Trustee, Kuo & Chiu Lin Family Trust; and CHIU LIN, in his individual and representative capacity as Trustee, Kuo & Chiu Lin Family Trust,<br><br>        Defendants. | No. 2:13-cv-01484-GEB-DAD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiff Scott Johnson moves for partial summary judgment under Federal Rule of Civil Procedure ("Rule") 56 on his claims alleged under the federal Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("UCRA").[1] Plaintiff seeks an injunction under the ADA and damages under the

---

[1] Plaintiff states he "stipulates to dismiss his Disabled Persons [Act] and [n]egligence [claims] . . . to ensure that this motion disposes of the entire case." (Mot. 3:10-12.)

1

1  UCRA concerning the following barriers he encountered at
2  Defendants' restaurant, which he evinces violated the ADA
3  Standards for Accessible Design: "[in]accessible parking, paths
4  of travel, transaction counters, and restrooms." (Pl.'s Mot.
5  Summ. J. ("Mot.") 1:5-6, ECF No. 17-1.) Defendants counter the
6  motion, arguing Plaintiff's "calculation of damages [under the
7  UCRA] . . . raise[s] [a] genuine [dispute] of material fact."
8  (Defs.' Opp'n to Pl.'s Mot. for Summ. J. ("Opp'n") 2:1-2, ECF No.
9  18.)

## I.   LEGAL STANDARD

> A party is entitled to summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." . . . . The moving party has the burden of establishing the absence of a genuine dispute of material fact.

City of Pomona v. SQM North Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "A fact is 'material' when . . . it could affect the outcome of the case." Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "A[] [dispute] of material fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

2

Fed. R. Civ. P. 56(c)(1)(A)-(B).

Summary judgment "evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." Sec. & Exch. Comm'n v. Todd, 642 F.3d 1207, 1215 (9th Cir. 2011) (citing Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir. 2001)).

## II. UNCONTROVERTED FACTS

The following averments in Plaintiff's declaration submitted in support of his motion are uncontroverted. Plaintiff ate

> at [Defendants' restaurant] on . . . February 15, 2013, February 21, 2013, February 22, 2013, March 4, 2013, April 2, 2013, June 4 2013, and June 5, 2013. On each of these occasions, [Plaintiff] faced . . . difficulties and discomforts due to . . . [the referenced] barriers [that hindered his full and equal access to the restaurant.]

(Decl. Scott Johnson ¶ 8; see also Defs.' Response & Objections to Pl.'s Separate Statement of Undisputed Material Facts, ("Defs.' SUF") Nos. 3, 5, 1-2, 5-8, 10-11 12-14, 15-16, ECF No. 18-1.) It is uncontroverted that "[s]ometime [after] . . . [Plaintiff last ate at Defendants' restaurant], Defendants made alterations to the parking, ramp, transaction counter and restroom . . . ." (Defs.' SUF No. 16.)

## III. DISCUSSION

### a. Plaintiff's ADA Claims

#### i) Barriers Alleged in Plaintiff's Complaint

Plaintiff seeks summary judgment on his ADA injunctive relief claims alleged in his Complaint; however, there is a

3

genuine dispute of material fact as to whether those barriers still exist since it is uncontroverted that Defendants made "alterations" to the barriers since Plaintiff last ate at Defendants' restaurant. (Defs.' SUF No. 16.) Therefore, Plaintiff's summary judgment motion on his ADA claims alleged in his Complaint is denied.

### ii) The Newly Installed Curb Ramp

Plaintiff also argues in his motion that "[a] newly installed ramp from the sidewalk to the . . . restaurant . . . [violates the cross slope requirements prescribed in the ADA Standards for Accessible Design]." (Mot. 2:17-22.) Defendants rejoin that this is the "first time" Plaintiff has made this claim. (Opp'n 1:26-2:1.)

Plaintiff did not allege the existence of this barrier in his Complaint, nor has he sought leave to amend his Complaint to allege its existence. This pleading issue is governed by what is prescribed as follows in the November 19, 2013 Status (Pretrial Scheduling) Order: "No further . . . amendments to pleadings is permitted, except with leave of Court for good cause shown." (Status Order 2:4-6, ECF No. 9.) "The [status] order 'control[s] the subsequent course of the action' unless modified by the court." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (alteration in original). Status orders "may be modified upon a showing of 'good cause.'" Id.

Since Plaintiff has not satisfied the good cause standard, this portion of his motion is disregarded.

### ii. Plaintiff's UCRA Claim

Plaintiff argues since Defendants violated the ADA

4

standards referenced in his Complaint "there has been a per-se violation of [the UCRA]", and he is therefore entitled to "damages in the amount of $8,000 . . . for one visit and one deterrence." (Mot. 10:22-23, 1:8, 11:16-18.)

The UCRA prescribes: "a violation of the right of any individual under the [ADA] shall also constitute a violation of [the UCRA]." Cal. Civ. Code § 51(f). A plaintiff may recover "actual damages . . . in no case less than four thousand dollars ($4,000)" for "each offense" under the UCRA. Cal. Civ. Code §§ 52(a), 55.56(a).

> [Further, the UCRA] provides that statutory damages . . . are available under two circumstances: (1) if a plaintiff encountered the violation on a particular occasion or (2) if a plaintiff was deterred from accessing a place of public accommodation on a particular occasion. As to the first circumstance, a violation may be sufficient to give rise to damages if the plaintiff experienced difficulty, discomfort, or embarrassment as a result of the violation. As to the second circumstance, a deterrence will only give rise to damages if (a) the plaintiff had actual knowledge of a violation and (b) the violation would have actually denied the plaintiff full and equal access if he attempted to access the place <u>on a particular occasion</u>.

Yates v. Vishal Corp., No. 11-CV-00643-JCS, 2013 WL 6073516, at *3 (N.D. Cal. Nov. 18, 2013) (emphasis added) (internal quotation marks and citations omitted); see also Cal. Civ. Code § 55.56(b)-(d) (describing the circumstances under which a plaintiff may recover statutory damages).

Plaintiff has not provided facts evincing that he was deterred from visiting Defendants' restaurant on a "particular occasion." Therefore, this portion of his motion is denied.

5

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's partial motion for summary judgment is denied.

Dated:  April 28, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge