UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:13-cv-01484-GEB-DAD |
| Plaintiff, | |
| v. | **ORDER** |
| CHIU LIN, in his individual and representative capacity as Trustee, Kuo & Chiu Lin Family Trust, | |
| Defendant. | |

Plaintiff's Trial Brief, (ECF No. 29), addresses multiple issues that are set forth as undisputed facts in the Final Pretrial Order. The parties shall limit their presentation of evidence at trial to matters not already established as undisputed. See United States v. First Nat'l Bank of Circle, 652 F.2d 882, 886 (9th Cir. 1981) ("[The] part[ies] need offer no proof at trial as to matters agreed to in the [Final Pretrial O]rder . . . .").

Further, Defendant states as a proposed conclusion of law that "[t]he Court lacks jurisdiction in this case as no Federal question presently exists." (Def.'s Proposed Findings of Fact & Conclusions of Law 2:1-2, ECF No. 35.) However, the Final Pretrial Order preserved for trial Plaintiff's claim for injunctive relief under the Americans with Disabilities Act

1

("ADA") "for the alleged continued existence of [certain identified barriers]," and lists as a disputed factual issue: "[w]hether the van parking space, ramp, and restroom at [T&R] are presently fully ADA compliant." (Final Pretrial Order 3:1-4, 5:13-14, ECF No. 27.) The Final Pretrial Order's "Disputed Factual Issues" section incorporated the parties' "Disputed Factual Issues," as stated in their Joint Pretrial Statement. (See Joint Pretrial Statement 3:22-23, ECF No. 26.) The undisputed facts section of the Final Pretrial Order does not establish that the barriers listed in that order have been remedied. However, even if Defendant ultimately establishes that the referenced barriers have been remedied, Defendant has not shown that the Court would lack supplemental jurisdiction over Plaintiff's Unruh Civil Rights Act claims or should decline exercising that jurisdiction. See Munger v. City of Glasgow Police Dept., 227 F.3d 1082, 1088 n.4 (9th Cir. 2000) (affirming district court's decision to exercise supplemental jurisdiction over state law claims after dismissing federal claims, stating "[a]lthough the district court could have declined to exercise jurisdiction over those claims, it was not required to do so" (citing Acri v. Varian Assoc., Inc., 114 F.3d 999 (9th Cir. 1997))). Therefore, Defendant has not shown the Court lacks jurisdiction to proceed to trial.

Dated: August 24, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge