UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>            Plaintiff,<br><br>    v.<br><br>CHIU LIN, in her individual and representative capacity as Trustee, Kuo & Chiu Lin Family Trust,<br><br>            Defendant. | No. 2:13-cv-01484-GEB-DAD<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

Plaintiff seeks injunctive relief under the Americans with Disabilities Act ("ADA") and $8,000.00 in statutory damages under the Unruh Civil Rights Act ("Unruh Act") for certain accessibility barriers at a barbecue restaurant in Sacramento, California.

A bench trial was held on August 25, 2015. The following witnesses testified: Plaintiff; Plaintiff's expert, Paul Bishop; Defendant's son, Bryan Lin; and Defendant's expert, Christopher Cormier. Exhibits 3, 4, 6, and 101 were admitted. The parties also stipulated to certain facts, which are incorporated in the June 17, 2015, Final Pretrial Order ("FPO").

1

1      The following findings of fact and conclusions of law

2   are made under Federal Rule of Civil Procedure 52 after

3   considering the stipulated facts, testimony, and documentary

4   evidence presented.

5                          **FINDINGS OF FACT**

6      1.   Plaintiff   Scott   Johnson   is   a   level   C-5

7   quadriplegic; he cannot walk and uses a wheelchair for mobility.

8   (FPO 3:21-27, ECF No. 27.)

9      2.   Plaintiff has a specially equipped van with a

10  wheelchair lift that deploys from the passenger side. (FPO 4:1-

11  2.)

12     3.   T&R Taste of Texas Restaurant (the "restaurant")

13  is located at 3621 Broadway, Sacramento, California.

14     4.   At all times relevant to this case, Defendant Chiu

15  Lin, as Trustee of the Kuo & Chiu Family Trust, owned the

16  restaurant.

17     5.   Plaintiff visited and purchased food at the

18  restaurant on the following dates: February 15, 2013; March 4,

19  2013; April 2, 2013; and June 5, 2013 ("visits"). (Trial Exs. 3-A

20  – 3-D.)

21     6.   Plaintiff drove himself to the restaurant on each

22  visit. (Trial Tr. 31:23-25, ECF No. 41.)

23     7.   On each visit, the restaurant did not offer

24  sufficient, ADA-compliant accessible parking facilities to its

25  disabled patrons. (FPO 5:3-5.)

26     8.   During each visit, Plaintiff had difficulty in

27  exiting and re-entering his vehicle. (Trial Tr. 32:7-11.)

28

                                  2

1         9.   During each visit, Plaintiff used the restaurant's

2   restroom. (Id. at 31:16-18.)

3         10.   On each visit, the restaurant's restroom had sink

4   faucet handles with traditional "twisty style" knobs that

5   required persons to grasp and twist with the wrist. (FPO 4:25-

6   27.)

7         11.   In using the restaurant's restroom to wash his

8   hands and face after eating, Plaintiff experienced difficulty

9   using the sink knobs. (Trial Tr. 30:23-24, 31:3-8, 31:16-20.)

10         12.   On each visit, the grab bar mounted on the

11   restaurant's restroom wall adjacent to the toilet jutted out 21

12   inches away from the wall. (FPO 5:1-3.)

13         13.   In using the restaurant's restroom, the position

14   of the grab bars "made it difficult [for Plaintiff] to keep [his]

15   balance correct for using the toilet." (Trial Tr. 30:25-31:1,

16   31:16-18, 31:21-22.)

17         14.   On April 16, 2012, the restaurant was inspected by

18   a Certified Access Specialist ("CASp") inspector Christopher

19   Cormier. (FPO 4:7-9.)

20         15.   After receiving Mr. Cormier's report concerning

21   his April 16, 2012 inspection, Defendant began to correct the

22   accessibility barriers identified in the report. (Trial Tr.

23   47:21-48:4.)

24         16.   Defendant's efforts to correct the accessibility

25   barriers identified in Mr. Cormier's report were not completed

26   until on or around October 2, 2013; work on the parking lot was

27   not completed until on or around October 2, 2013. (Id. at 48:5-8,

28   52:10-53:18.)

1    17. All accessibility barriers referenced in the

2   Complaint and in the Final Pretrial Order have been corrected.

3   (Id. at 15:9-18, 17:5-17, 20:12-21:6, 22:22-24.)

4                            **DISCUSSION**

5        **A.   ADA Claim for Injunctive Relief**

6        "Title III of the ADA prohibits discrimination by

7   public accommodations." Molski v. M.J. Cable, Inc., 481 F.3d 724,

8   730 (9th Cir. 2007) (citing 42 U.S.C. § 12101, et seq.). "To

9   prevail on a Title III discrimination claim, the plaintiff must

10  show that (1) []he is disabled within the meaning of the ADA; (2)

11  the defendant . . . owns, leases, or operates a place of public

12  accommodation; and (3) the plaintiff was denied public

13  accommodations by the defendant because of h[is] disability."

14  Molski, 481 F.3d at 730 (citing 42 U.S.C. §§ 12182(a)-(b)). "The

15  third element—that the plaintiff was denied public accommodations

16  on the basis of disability—is satisfied if the defendant failed

17  to remove architectural barriers where such removal was readily

18  achievable." Lozano v. C.A. Martinez Family Ltd. Partnership, ---

19  F. Supp. 3d ----, 2015 WL 5227869, at *4 (S.D. Cal. 2015) (citing

20  42 U.S.C. § 12182(b)(2)(A)(iv)).

21       "Injunctive relief is the sole remedy available to

22  private parties under the [ADA]; [the ADA] does not authorize a

23  claim for money damages." Antoninetti v. Chipotle Mexican Grill,

24  Inc., 643 F.3d 1165, 1174 (9th Cir. 2010). "Because a private

25  plaintiff can sue only for injunctive relief (i.e. for removal of

26  the barrier [or barriers]) under the ADA, a defendant's voluntary

27  removal of alleged barriers prior to trial can have the effect of

28  mooting a plaintiff's ADA claim." Oliver v. Ralphs Grocery Co.,

1   654 F.3d 903, 905 (9th Cir. 2011).

2          Here, the parties do not dispute that Plaintiff has

3   established all three elements of his Title III claim concerning

4   the accessibility barriers alleged in the Complaint and

5   referenced in the FPO. Plaintiff is disabled within the meaning

6   of the ADA; at all relevant times, Defendant owned the

7   restaurant, which is a place of public accommodation as defined

8   by the ADA; and Plaintiff encountered accessibility barriers at

9   the restaurant, the removal of which was readily achievable.

10  Further, it is undisputed that Defendant has removed all

11  accessibility barriers referenced in the Complaint and Final

12  Pretrial Order. (Trial Tr. 15:9-18, 17:5-17, 20:12-21:6, 22:22-

13  24.)

14         Therefore, the sole issue to be decided on Plaintiff's

15  Title III claim is whether Plaintiff is entitled to injunctive

16  relief to remedy two accessibility barriers that were raised for

17  the first time at trial: the incorrect verbiage and location of

18  an old tow-away sign, and the restroom door's inadequate amount

19  of strike-side clearance. (Trial Tr. 9:16-11:11, 20:12-21:6.)

20         Although the parties dispute in post-trial briefing

21  whether Plaintiff may obtain injunctive relief for barriers not

22  alleged in the Complaint, the Court need not reach this issue

23  since the trial record does not support awarding injunctive

24  relief to remedy either newly mentioned barrier for the following

25  reasons.

26  ///

27  ///

28  ///

1        **1)   Old Tow-Away Sign**

2        Plaintiff's expert, Paul Bishop, testified that during

3  his November 2014 visit to the restaurant, he "found an older

4  tow-away sign at the entrance to the parking lot that did not

5  comply with the current California Building Code or California

6  Vehicle Code requirements." (Trial Tr. 9:16-10:1.) Specifically,

7  Mr. Bishop testified that "[t]he wording or the text on that sign

8  does not comply with the current building code or vehicle code

9  requirements, and . . . lacks the contact information for how to

10  reclaim a towed vehicle." (Id. at 10:5-9.) Mr. Bishop further

11  testified that the sign was not located where it should have

12  been. (Id. at 10:15-11:11.)

13        However, Defendant's expert, Christopher Cormier,

14  testified that the restaurant's "signage at the handicapped

15  parking" is ADA compliant, making the older sign at the

16  restaurant's entrance "unnecessary." (Id. at 59:13-60:24; see

17  also Trial Ex. 6-B.) Plaintiff presented no evidence to rebut Mr.

18  Cormier's testimony.

19        In light of the record concerning the restaurant's ADA-

20  compliant signage, injunctive relief requiring Defendant to

21  correct the older tow-away sign is not warranted.

22        **2)   Restroom Door Strike-Side Clearance**

23        "An architectural barrier need only be removed where it

24  is 'readily achievable' to do so." Yates v. Bacco, No. C-11-01573

25  DMR, 2014 WL 1089101, at *5 (N.D. Cal. Mar. 17, 2014) (citing 42

26  U.S.C. 12182(b)(2)(A)(iv)). "Readily achievable means 'easily

27  accomplishable and able to be carried out without much difficulty

28  or expense.'" Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d

6

1  939, 945 (9th Cir. 2011) (quoting 42 U.S.C. § 12181(9)).

2  "Th[e Ninth C]ircuit has 'yet to decide who has the
3  burden of proving that removal of an architectural barrier is
4  readily achievable.'" Moore v. Robinson Oil Corp., 588 F. App'x
5  528, 530-31 (9th Cir. 2014) (quoting Vogel v. Rite Aid Corp., 992
6  F. Supp. 2d 998, 1010 (C.D. Cal. 2014)). However, "[i]n this
7  case, regardless of the allocation of the burden of proof, there
8  [i]s insufficient evidence to support a conclusion that [removal
9  of the side-strike door clearance barrier i]s 'readily
10 achievable.'" Id.

11 Defendant presented the only evidence at trial on the
12 subject. Mr. Cormier's report concerning his April 16, 2012
13 inspection of the restaurant identified the restroom door's
14 inadequate strike-side clearance. (Trial Ex. 101, p. 27.)
15 However, the report states: "The location of the existing door
16 does not allow for the required 12[ inch] strike-side clearance .
17 . . ." (Id.) Further, when discussing the restroom door at trial,
18 Mr. Cormier testified that "[b]ased on . . . looking [at] and
19 evaluating the structure[,] . . . it appeared that there was no
20 feasible way to change that swing of the door to make it fully
21 compliant to match the required strike-side clearance." (Trial
22 Tr. 64:17-23.) Plaintiff presented no evidence to rebut Mr.
23 Cormier's opinions.

24 Plaintiff's attorney suggested that automating the
25 restroom door "where there is a button you push, and the door is
26 automatically opened[,]" is an alternative means to remedy the
27 strike-side clearance barrier. However, Plaintiff presented no
28 evidence concerning this proposed alternative; Plaintiff's

1   counsel's argument is not evidence.

2          On this record, injunctive relief requiring Defendant

3   to provide 12 inches of strike-side clearance for the restroom

4   door is unwarranted.

5          **B.    Unruh Act Claim for Statutory Damages**

6          "In the disability context, [the Unruh Act] operates

7   virtually identically to the ADA." <u>Molski</u>, 481 F.3d at 731. "Any

8   violation of the ADA necessarily constitutes a violation of the

9   Unruh Act." <u>Id.</u> (citing Cal. Civ. Code § 51(f)). "The Unruh Act,

10  however, . . . allow[s] for monetary damages." <u>Id.</u> "And even if a

11  defendant has removed barriers to access and thereby mooted the

12  plaintiff's ADA claim, those remedial measures will not moot a[n

13  Unruh Act] claim for damages." <u>Johnson v. Wayside Property, Inc.</u>,

14  41 F. Supp. 3d 973, 980-81 (E.D. Cal. 2014).

15         "The [Unruh Act] generally provides for a minimum of

16  $4,000 in statutory damages for each occasion a plaintiff has

17  been denied full and equal access to a place of public

18  accommodation." <u>Johnson v. Patel</u>, No. 2:14-cv-02078 WBS DAD, 2015

19  WL 5560257, at *3 (E.D. Cal. Sept. 21, 2015) (citing Cal. Civ.

20  Code §§ 52(a), 55.56(a)). "A plaintiff is denied full and equal

21  access if a plaintiff has 'personally encountered' a violation or

22  has been 'deterred from accessing a place of public

23  accommodation' on a particular occasion." <u>Id.</u> (quoting Cal. Civ.

24  Code § 55.56(b)). "A violation personally encountered by a

25  plaintiff may be sufficient to cause a denial of full and equal

26  access if the plaintiff experienced difficulty, discomfort, or

27  embarrassment because of the violation." Cal. Civ. Code §

28  55.56(c).

1          Here, although Plaintiff personally encountered
2    accessibility barriers at the restaurant on at least four
3    occasions, Plaintiff requests statutory damages for only two
4    occasions, totaling $8,000. (See Pl.'s Post Trial Br. 5:2-23, ECF
5    No. 42.) However, Defendant argues Plaintiff's statutory damages
6    should be reduced because of her affirmative defenses, which are
7    addressed below.

8              **1)    California Civil Code section 55.56(f)(1)**

9          Defendant argues Plaintiff's statutory damages should
10   be limited to $1,000 per occasion under California Civil Code
11   section 55.56(f)(1). This section "provides that a defendant's
12   liability for statutory damages is reduced to a minimum of $1,000
13   for each [occasion] if the defendant shows[, *inter alia*,] that
14   [she] has corrected all construction-related violations that are
15   the basis of [Plaintiff's complaint] within 60 days of being
16   served with the complaint." Lozano, 2015 WL 5227869, at *6.

17         Here, Defendant presented no evidence at trial
18   concerning the date she was served with the Complaint. Further,
19   even if the Court takes judicial notice, *sua sponte*, of this
20   date, the trial record establishes that Defendant did not remedy
21   all accessibility barriers that are the subject of Plaintiff's
22   Complaint within sixty days of being served. Plaintiff filed a
23   proof of service for Defendant, which states Defendant was served
24   on July 27, 2013. (See Proof of Service, ECF No. 6.) However,
25   Defendant's son testified at trial that construction on the
26   restaurant's parking lot was not completed until early October
27   2013, more than sixty days later. (Trial Tr. 48:5-8, 52:10-
28   53:18.)

1      Accordingly, Defendant has not shown this affirmative

2  defense applies.[1]

3           **2)   California Civil Code section 55.56(h)**

4      Defendant also contends it was unreasonable for

5  Plaintiff to visit the restaurant on more than one occasion, and

6  therefore, his statutory damages should be limited to one

7  occasion under California Civil Code section 55.56(h).

8      "When a plaintiff [seeks] multiple claims for statutory

9  damages, the UCRA requires the court to consider the

10 reasonableness of the plaintiff's conduct in light of his duty to

11 mitigate damages." Johnson v. Patel, 2015 WL 5560257, at *3

12 (citing Cal. Civ. Code § 55.56(h)). Specifically, California

13 Civil Code section 55.56(h) prescribes:

14          In assessing liability under subdivision
            (d) in an action alleging multiple claims for
15          the same construction-related accessibility
            violation on different particular occasions,
16          the court shall consider the reasonableness
            of the plaintiff's conduct in light of the
17          plaintiff's obligation, if any, to mitigate
            damages.
18

19     Assuming, without deciding, that section 55.56(h)

20 applies to Plaintiff's statutory damages claims[2], Defendant has

21

22 [1]   Based on Defendant's post-trial briefing, it appears Defendant has
   abandoned the affirmative defense that Plaintiff's statutory damages should be
   limited to $2,000 per occasion under California Civil Code section
23 55.56(f)(2). However, in the event Defendant has not abandoned that
   affirmative defense, Defendant has not shown that it applies since the record
24 establishes that Defendant failed to correct "all construction-related
   violations that are the basis of [Plaintiff's Complaint] within 30 days of
25 being served with the [C]omplaint." Cal. Civ. Code § 55.56(f)(2)(A).

26 [2]   Section 55.56(h) references subdivision (d), which concerns deterrence
   claims. See, e.g., Johnson v. Patel, 2015 WL 5560257, at *3 ("Section 55.56(h)
   applies to deterrence claims . . . ."). Therefore, it is unclear whether
27 section 55.56(h) applies to Plaintiff's statutory damages claim since his Post
   Trial Brief indicates he is seeking statutory damages for two actual visits to
28 the restaurant.

1    not shown that Plaintiff acted unreasonably in visiting the

2    restaurant on two occasions.

3            Plaintiff's following trial testimony is relevant to

4    Defendant's mitigation affirmative defense:

5            Can you explain your need for multiple
             visits to a site where known barrier
6            violations would deny you full and equal
             access?
7
             A.   The food's good, and I like
8    barbecue. There's not really that many
     alternatives for barbecue in that area. It's
9    extremely convenient.

10           Q.   You say it's extremely convenient.
     In which area of Sacramento do you reside?
11
             A.   Carmichael.
12
             Q.   And this location is located at
13   36th and Broadway in Sacramento, right?

14           A.   That's correct.

15           Q.   How far away do you live from this
     restaurant?
16
             A.   I'm about ten miles, I believe.
17
             Q.   Now, between your residence and the
18   T&R barbecue, there must be other barbecue
     restaurants along the way or in your
19   neighborhood?

20           . . . .

21           THE WITNESS: I'm sure there's other
     barbecue, but when I'm wanting to eat, I'm
22   not going to drive back home to eat. This
     restaurant's at a convenient location when
23   I'm in that area, and I was in that area
     quite a bit.
24

25   (Trial Tr. 35:13-36:11.)

26           Plaintiff testified that on some of the dates he ate at

27   the restaurant, he also visited a nearby bait & gun store and

28   that his visits to that store are the subject of another ADA

                                    11

1   accessibility complaint he filed in this federal judicial

2   district. (Trial Tr. 36:12-38:11.) Defendant presumably asked

3   Plaintiff about these visits to challenge Plaintiff's stated

4   motive in eating at the restaurant. However, there is no evidence

5   that Plaintiff visited the bait and gun store when he dined at

6   the restaurant on February 15, 2013, and March 4, 2013.

7   Therefore, Defendant has not shown that it was unreasonable for

8   Plaintiff to visit the restaurant on these two occasions.

9           For the stated reasons, Plaintiff is entitled to a

10  statutory damages award of $8,000 ($4,000 per occasion for two

11  visits to the restaurant).

12                          **CONCLUSIONS OF LAW**

13          1.   Plaintiff is disabled within the meaning of the

14  ADA and Unruh Act.

15          2.   At all relevant times, Defendant owned the

16  restaurant, which is a place of public accommodation under the

17  ADA and Unruh Act.

18          3.   During his visits to the restaurant, Plaintiff was

19  denied full and equal access to a place of public accommodation

20  because of his disability(ies).

21          4.   Injunctive relief to remedy the two accessibility

22  barriers raised for the first time at trial is unwarranted.

23          5.   Plaintiff is entitled to $8,000 in statutory

24  damages ($4,000 per occasion, for two actual visits to the

25  restaurant).

26                            **CONCLUSION**

27          Given the above conclusions of law, Defendant is

28  ordered to pay Plaintiff $8,000 in statutory damages.

1          Within ten days from the date this Order is filed, the

2    parties shall file a joint proposed judgment consistent with this

3    Order or separate proposed judgments, if agreement cannot be

4    reached on a joint proposed judgment.

5    Dated:  October 13, 2015

6

7                                    _____
                                     GARLAND E. BURRELL, JR.
8                                    Senior United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13