UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>KUO LIN, et al.<br><br>        Defendants. | No. 2:13-cv-01484-GEB-DAD<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

Plaintiff Scott Johnson seeks attorney's fees under 42 U.S.C. § 12205 and Cal. Civ. Code § 52(a) for injuries he asserts he received when he encountered barriers at the T & R Taste of Texas eating establishment ("the restaurant"), owned by Defendants Kuo Lin and Chiu Lin (collectively, "Defendants"). The following issues were tried to the bench: Plaintiff's disability access claims alleged under California's Unruh Civil Rights Act (UCRA), Cal. Civ. Code §§ 51 *et seq.*, and his request for injunctive relief sought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 1201.

Plaintiff did not prevail on his ADA claims and therefore has not shown he is entitled to an award of attorney's fees under the ADA. Plaintiff did prevail on two of his UCRA claims and is therefore entitled to an award of reasonable

1

attorney's fees under Cal. Civ. Code § 52(a).

## I. DISCUSSION

Plaintiff seeks $21,335.00 in attorney's fees. Defendants argue this amount "is excessive and unreasonable," contending that Plaintiff has not justified each attorney fee rate he seeks and certain hours billed. (Defs.' Opp'n to Pl.'s Mot. for Attorney's Fees and Costs ("Opp'n") 1:24-26, ECF No. 50.) When determining the reasonableness of an attorney's fee request:

> The court . . . follow[s] a two-step process. First, the court determines the lodestar calculation—"the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Second, the court may adjust the lodestar figure "pursuant to a variety of factors." Gonzalez v. City of Maywood, 729 F.3d 1196, 1209 (9th Cir. 2013) (internal quotation marks omitted). . . . There is a strong presumption, however, that the lodestar amount is reasonable. Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n. 4 (9th Cir. 2000).
>
> In determining the size of an appropriate fee award, the Supreme Court has emphasized that courts need not "achieve auditing perfection" or "become green-eyeshade accountants." Fox v. Vice, 131 S. Ct. 2205, 2217 (2011). Rather, because the "essential goal of shifting fees ... is to do rough justice," the court may "use estimates" or "take into account [its] overall sense of a suit" to determine a reasonable attorney's fee. Id.

Johnson v. Wayside Prop., Inc., No. CIV. 2:13-1610 WBS, 2014 WL 6634324, at *2 (E.D. Cal. Nov. 21, 2014).

**A. Hours Reasonably Expended**

Plaintiff submits a "Billing Statement" itemizing the time spent by his attorneys—Mark Potter, Ray Ballister Jr., Phyl

2

Grace, Christina Sosa, Amanda Lockhart, and Isabel Masanque. (Pl.'s Ex. 2 ("Ex. 2"), ECF No. 49-3.)

Defendants argue: "Plaintiff's billings . . . are . . . 'top heavy'" since more experienced attorneys performed work that could have been performed by less experienced associates.[1] (Opp'n at 1:28.) However, Defendants have not shown justification for the court "to impose its own judgment regarding the best way to operate [Plaintiff's retained] law firm, []or to determine if different staffing decisions might have led to different fee requests." Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008). Therefore, Defendants objection is overruled.

**1. Billings by Potter**

Defendants object to Potter's billing of 3.3 hours on March 23, 2015 for the following tasks: "Reviewed the defense opposition to our MSJ; drafted the Reply Brief[.]" (Ex. 2 at p. 2.) Defendants argue that "[t]he Motion for Summary Judgment was denied." (Opp'n at 2:7-8.) Plaintiff replies in relevant part:

> It seems that the defense is suggesting that [P]laintiff should not recover because the motion was unsuccessful. Aside from the fact that the defense would have benefited greatly if the motion had been granted and everyone spared the time and expense of trial, the argument lacks legal merit. Unless the motion was utterly frivolous, the plaintiff can expect that his attorney's fees will be reimbursed for good faith work, including a motion for summary judgment that sought to end the case without the need for trial.

(Pl.'s Reply Br. ("Reply") 3:16-24, ECF No. 51.)

---

[1] In particular, Defendants object to senior attorney Mark Potter's October 31, 2014 billing entry on the grounds that "it could have been done by less senior attorneys." (Opp'n at 2:5-6.)

3

1     However, the referenced motion was not supported
2 sufficiently to justify a fee award; therefore, this billing has
3 not been shown to be reasonable and is DENIED. See generally
4 Cabrales v. Cnty. of L.A., 935 F.2d 1050, 1053 ("a plaintiff who
5 is unsuccessful at a stage of litigation that was a *necessary*
6 *step* to her ultimate victory is entitled to attorney's fees even
7 for the unsuccessful stage")(emphasis added).
8     Defendants also object to Potter's billing of 3.2 hours
9 on September 4, 2015 for the following task: "Drafted the
10 plaintiff's post trial briefing as directed by court[.]" (Ex. 2
11 at p 2.) Plaintiff replies:

> The defense never explains what a reasonable
> amount would have been. But the argument
> lacks merit. It took 3.2 hours. It dealt with
> issues that the Court wanted further briefing
> over – issues that are somewhat nuanced – and
> the trial outcome hung in the balance.
> Spending 3.2 hours was both reasonable and
> fair.

17 (Reply at 4:15-19.)
18     Plaintiff is correct. Therefore, Defendant has not
19 shown that this billing is unreasonable.

20 **2. Billings by Ballister**

21     Defendants object to Ballister's billing of five (5)
22 hours on August 23, 2015 for the following tasks: "Prepped case
23 for Trial, drafted outlines of direct, cross, argument; prepared
24 pocket briefs for anticipated[] issues[.]" (Ex. 2 at p. 4.)
25     Defendants have not shown that this billing is
26 unreasonable.
27     Defendants next object to Ballister's seven (7) hours
28 billed on August 25, 2015 for the following tasks: "Final [trial]

prep, travel[ed] to (and from) and conducted the Trial today; notes to file afterward for the briefing." (Ex. 2 at p. 4.) Plaintiff replies:

> Mr. Ballister billed a total of seven hours for both travel and trial time. Given that trial, itself, was almost four hours (not including time before and after in the courthouse), the defense never bothers to explain why this is an unreasonable entry or justify the request to strike the billing entry in its entirety.

(Reply at 5:5-9.)

Defendants have not shown that this billing is unreasonable.

**B. Reasonable Hourly Rate**

"The number of hours reasonably expended on th[is] litigation," must be multiplied by a reasonable hourly rate in order to calculate the lodestar amount. "Determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party[; i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir. 1986)(citation omitted), amended on denial of reh'g, 808 F.2d 1373 (9th Cir. 1987). In general, "the relevant community is the forum in which the district court sits." Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997).

"The hourly rate for successful civil rights attorneys is to be calculated by considering certain factors, including the novelty and difficulty of the issues, the skill required to try

5

1  the case, whether or not the fee is contingent, the experience
2  held by counsel and fee awards in similar cases." Moreno v. City
3  of Sacramento, 534 F.3d 1106, 1114 (9th Cir. 2008). "While
4  disability access cases are a subset of civil rights practice, it
5  would be naive to equate the level of skill required to litigate
6  a routine disability access case with the level of skill required
7  to successfully litigate a more complicated civil rights case
8  raising novel or complicated constitutional issues." Wayside
9  Prop., Inc., 2014 WL 6634324 at *6. The burden is on the party
10 seeking fees "to produce satisfactory evidence . . . that the
11 requested rates are in line with those prevailing in the
12 community for similar services by lawyers of reasonably
13 comparable skill, experience and reputation." Blum v. Stenson,
14 465 U.S. 866, 895 n. 11 (1984).
15         Plaintiff seeks the following hourly rates for his
16 counsel: $350 for Potter and Ballister, $250 for Grace, and $200
17 for Lockhart, Sosa and Masanque. (Mot. at 3:3-4.)
18         Plaintiff submits a declaration from Mark Potter in
19 support of these rates, in which he declares: he is the managing
20 partner of the Center for Disability Access (CDA), the law firm
21 retained by Plaintiff in this action; he has "devoted more than
22 [ninety-five percent] of [his] practice to disability issues for
23 more than [twenty-one] years," (Potter Decl. ¶¶ 2,6, ECF No. 49-
24 2); and has litigated "over 2,000 disability cases." (Id. at
25 ¶ 6.) Potter also declares: Ballister is an associate at CDA who
26 has "been in practice for [twenty-nine] years" and "has focused
27 exclusively on disability access cases" for the past nine years
28 (id. at ¶ 7); and Grace is an associate at CDA with twenty years

6

1  of experience and has maintained an exclusive disability access
2  practice for the past eight years (id. at ¶ 8). Potter also avers
3  that Lockhart is an associate at CDA who graduated in 2011 (id.
4  at ¶ 9); Masanque is an associate at CDA who graduated in 2012
5  (id. at ¶ 10); and Sosa is an associate at CDA who graduated in
6  2011 (id. at ¶ 11).
7      Plaintiff also submits in support of the requested
8  rates a declaration from attorney John D. O'Connor, asserted by
9  Plaintiff to be his "attorney's fee expert." The O'Connor
10 declaration concerns what O'Connor avers to be reasonable rates
11 in "Northern California." O'Connor's supports this averment by
12 referencing rates awarded in the San Francisco Bay Area legal
13 community. "[H]owever, the relevant market here is . . . not [the
14 San Francisco Bay Area, since i]t is without question that the
15 rates in the nearby San Francisco legal community exceed those in
16 this legal community." Wayside Property, Inc., 2014 WL 6634324 at
17 *6. Further, Plaintiff also relies on the portion of the O'Connor
18 declaration that utilizes what O'Connor characterizes as "the
19 Laffey Matrix[, which] is maintained by the Department of Justice
20 in Washington, D.C.[,] to determine the reasonable hourly rates
21 for this case[; however, t]he suggested Laffey Matrix rate
22 contemplates practice in the Washington, D.C. legal community and
23 has been rejected as an adequate tool to assess market rates in
24 this [legal community]." Id. at *7 (citing Fitzgerald v. Law
25 Office of Curtis O. Barnes, No. 1:12-CV-00071-LJO-GAS, 2013 WL
26 1627740 at *3 (E.D. Cal. Apr. 15, 2013), findings and
27 recommendation adopted, 2013 WL 1896273 (E.D. Cal May 6, 2013)).
28      Lastly, O'Connor avers that he is "well aware of the

7

1  rates charged by labor specialty firms such as the firm of
2  Jackson Lewis, a nationwide labor and employment litigation firm,
3  and Littler Mendelson, another employment and labor litigation
4  firm. . . . [as well as] the rates of Downy Brand, . . . [and
5  t]he rate charged by the partners [in this case] is below these
6  rates." (O'Connor Decl. at ¶ 34.) "O'Connor does not suggest,
7  however, that the 'labor specialty firms' or Downy Brand handle
8  routine disability access cases or, even assuming they do,
9  identify the rates charged to individual plaintiffs in those
10 cases." Wayside Prop., Inc., 2014 WL 6634324 at *7. Plaintiff has
11 "not cited a single a case from [this legal community] or
12 provided an affidavit [from an attorney in this legal
13 community] . . . that supports the rates [he] seek[s]." Id. at
14 *8.

15         Notwithstanding Plaintiff's failure to present
16 sufficient evidence supporting the rates he seeks, "[d]istrict
17 judges can . . . consider the fees awarded by other judges in the
18 same locality in similar cases." Moreno, 534 F.3d at 1115.  The
19 decision in Wayside Property, Inc., 2014 WL 6634324 at *8, an
20 Eastern District disability access case where Plaintiff sought
21 attorney's fees billed by CDA attorneys, supports application of
22 the following hourly rates: $300 for Potter, $260 for Ballister,
23 $175 for Grace, and $150 for Lockhart, Sosa, and Masanque. See
24 also Johnson v. Allied Trailer Supply, Civ. No. 2:13-1544 WBS
25 EFB, 2014 WL 1334006, at *4-5 (E.D. Cal April 3, 2014) (holding
26 that a $300 hourly rate for Potter and Ballister and a $175
27 hourly rate for Grace were reasonable rates in litigating a
28

disability access case in this legal community).[2]

Accordingly, the lodestar in this case is $16,193.50, calculated as follows:

| | | | | | |
|---|---|---|---|---|---|
| **Potter** | 30.2 | x | $300 | = | $9,060.00 |
| **Ballister** | 15.1 | x | $260 | = | $3,926.00 |
| **Grace** | 2.9 | x | $175 | = | $507.50 |
| **Lockhart** | 1.7 | x | $150 | = | $255.00 |
| **Sosa** | 13.8 | x | $150 | = | $2,070.00 |
| **Masanque** | 2.5 | x | $150 | = | $375.00 |
| | | | | = | $16,193.50 |

**C. Costs**

Plaintiff also seeks $5,827.90 in costs for investigation, filing fee, service costs, trial transcripts, and expert witness. (Ex. 2 at p. 1.) These costs are awarded to Plaintiff.

## II. CONCLUSION

For the stated reasons Plaintiff is awarded $16,193.50 in attorneys' fees and $5,827.90 in costs.

Dated: March 30, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[2] In Wayside Property Inc., the court determined that it was previously mistaken in Allied Trailer Supply, 2014 WL 1334006, in believing that Ballister was a partner at CDA and therefore, Ballister's reasonable rate was reduced from $300 to $260. Wayside Prop., 2014 WL 6634324 at *8.

9